UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK WELCH III,

    Plaintiff,

v.

    CASE NO. 2:14-cv-10654

    HON. MARIANNE O. BATTANI

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

OPINION AND ORDER OVERRULING THE PLAINTIFF'S OBJECTIONS
AND ADOPTING THE REPORT AND RECOMMENDATION

I.    INTRODUCTION

Before the Court are the Plaintiff's objections to Magistrate Judge Whalen's January 21, 2015, Report and Recommendation ("R&R"). (Doc. 25.) In the R&R (Doc. 24), the Magistrate Judge recommended that the Court grant Defendant's motion for summary judgment (Doc. 22) and deny Plaintiff's motion for summary judgment (Doc. 15). For the reasons that follow, the Court **OVERRULES** the Plaintiff's objections and **ADOPTS** the R&R.

II.    STATEMENT OF FACTS

As the parties have not objected to the R&R's recitation of the facts, the Court adopts that portion of the R&R. (See Doc. 24, pp. 2-10.)

III.    STANDARD OF REVIEW

    **A.  Objections to a Magistrate Judge's R&R**

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

The Sixth Circuit has made clear that "[o]verly general objections do not satisfy the objection requirement." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006). Only specific objections are entitled to *de novo* review; vague and conclusory objections amount to a complete failure to object as they are not sufficient to pinpoint those portions of the R&R that are legitimately in contention. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir.1986) (per curiam). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." Spencer, 449 F.3d at 725 (quoting Miller, 50 F.3d at 380).

**B. Standard of Review Applicable to Social Security Cases**

This Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards. Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

When reviewing the Commissioner's factual findings for substantial evidence, the Court is limited to an examination of the record and must consider that record as a whole. Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the ALJ or this Court discuss every piece of evidence in the administrative record. Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 508 (6th Cir. 2006). Further, this Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007).

**IV. DISCUSSION**

3

**A. Objections to the Evaluation of Plaintiff's Right-Eye Vision**

Plaintiff agrees with Magistrate Judge Whalen's assessment that the only aspect of the Administrative Law Judge's (ALJ's) decision that is being appealed relates to Plaintiff's alleged vision impairment in his right eye. (See Doc. 25, p. 1-2.) It is undisputed that Plaintiff is fully blind in his left eye, an impairment the ALJ determined to be severe at Step Two and took into consideration in rendering the Residual Functional Capacity (RFC). However, Plaintiff contends that the ALJ erroneously failed to consider his right eye visual impairment to be "severe" at Step Two and consequently failed to account for this limitation in the RFC. According to Plaintiff, the Magistrate Judge engaged in extensive speculation about the record and conducted his own post-hoc rationalizations for the ALJ's conclusions based on evidence never cited by the ALJ. Specifically, Plaintiff objects to the Magistrate Judge's discussion of treatment notes indicating that Plaintiff refused recommendations for eye exams in April and July of 2010; speculation regarding the implications of Plaintiff making good eye contact; lack of attempt to learn brail or to request a seeing-eye dog; and speculation about Plaintiff's prison duties working in the kitchen.

The Magistrate Judge addressed Plaintiff's refusal to be examined by an optometrist when discussing the facts and not in analyzing Plaintiff's claim. (See Doc. 24, p. 5.) The record also supports that Plaintiff did refuse treatment and/or examination by an optometrist in April and May 2010. (Tr. 230.) Plaintiff is correct in observing that the July 2010 treatment note mentioned in the R&R appears to reference Plaintiff's past refusal of treatment and indicates that Plaintiff consented to examination in July. (See Tr. 481.) Nonetheless, these facts do not appear to have played a

4

significant role in the Magistrate Judge's ultimate recommendation, as he based his analysis on other factors. However, to the extent that the Magistrate Judge did consider Plaintiff's refusal of treatment when formulating his recommendation, this consideration was not inappropriate. While there is a fine line between post-hoc rationalizations and whether the evidence on record raises a substantial question, a court may "evaluate whether the findings and opinions of the mental-health professional that [a plaintiff] contends supports a disability determination raises a substantial question." Smith-Johnson v. Comm'r of Soc. Sec., 579 Fed. App'x 426, 435 (6th Cir. 2014).

Plaintiff also objects to a host of other factors referenced in the R&R, including Plaintiff's ability to make appropriate eye contact and his prison duties working in the kitchen. However, these issues were not the primary underpinnings supporting the Magistrate Judge's conclusions. Both the Magistrate Judge and the ALJ relied on the fact that at a December 2008 consultative eye examination with Cynthia Shelby-Lane, M.D., Plaintiff demonstrated a visual acuity of 20/200 in the right eye. (Tr. 15, 195; Doc. 24, p. 13.) Although a May 2010 eye examination with consulting physician Ghulam Dagstir, M.D., resulted in a diagnosis of right eye blindness and visual acuity limited to counting fingers three inches from Plaintiff's face, the examination of the eye was completely normal. (Tr. 314.) Similar findings in 2009 led to consultative examiner Gamil Soliman, M.D., to suspect that Plaintiff was malingering. (Tr. 211-12.) At another consultative examination conducted by Daniel S. Zuckerbrod, M.D., in September 2012, Plaintiff demonstrated a visual acuity of 20/400, but Dr. Zuckerbrod stated that "[t]he loss of vision and absence of a visual field on the right side are not supported by examination." (Tr. 524.) Dr. Zuckerbrod determined that Plaintiff would be able to

5

function as a monocular individual and should observe monocular precautions. (Id.) This evidence amounts to substantial evidence supporting the ALJ's conclusion that his alleged right eye visual impairment is not severe. Furthermore, Plaintiff has not identified any other evidence undermining these physicians' evaluations.

Because the ALJ provided a well-supported rationale regarding the right-eye vision loss at Step Two, he was not required to include the associated limitations in the RFC or hypothetical posed to the Vocational Expert (VE). Stanley v. Sec'y of Health and Human Servs., 39 F.3d 115, 118-19 (6th Cir. 1994) ("[T]he ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals."). The RFC adequately accounts for Plaintiff's decreased vision, as described in the ALJ's decision, by restricting him to lifting weight no greater than twenty pounds, performing occasional postural activities, and avoiding concentrated exposure to hazards. (See Tr. 18). Additionally, given Plaintiff's left-eye blindness, the RFC provides that he is not to be presented objects from the left. (Id.) As noted in the R&R (see Doc. 24, p. 15), even if Plaintiff does suffer from some degree of vision loss in his right eye, the hypothetical question posed to the VE at Step Five accounted for such limitation. When presented with the RFC adopted in the disability decision, as well as the added limitation of an inability to see at a distance of greater than ten to twelve feet, the VE testified that such an individual would nonetheless be capable of performing the job of packer. (Tr. 46.) Accordingly, the RFC Step Five analyses are supported by substantial evidence, and the ALJ's conclusions should not be disturbed.

**V. CONCLUSION**

The Court notes that the R&R identifies and addresses much of the same evidence and comes to the same conclusions as discussed here.  Accordingly, for the foregoing reasons, the Court **OVERRULES** the Plaintiff's objections and **ADOPTS** the R&R granting Defendant's motion for summary judgment and denying Plaintiff's motion for summary judgment.

**IT IS SO ORDERED.**

Date:   March 24, 2015                                      s/Marianne O. Battani
                                                            MARIANNE O. BATTANI
                                                            United States District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 24, 2015.

                                                            s/ Kay Doaks
                                                            Case Manager